IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>APPROXIMATELY $536,907.58 IN FUNDS SEIZED, ON OR ABOUT MAY 26, 2026, FROM TWO WELLS FARGO ACCOUNTS HELD BY OR FOR THE BENEFIT OF NORMA Y GUZMAN-SALMERON | **Civil No. 3:26-mc-00157** |

## *EX PARTE* MOTION FOR EXTENSION OF TIME TO FILE FORFEITURE COMPLAINT

NOW COMES Plaintiff the United States of America, by and through Russ Ferguson, United States Attorney for the Western District of North Carolina, pursuant to 18 U.S.C. § 983(a)(3)(A), and, for good cause shown, hereby requests that this Court extend, for thirty days, the Civil Asset Forfeiture Reform Act ("CAFRA") deadline for filing a Complaint for Forfeiture *In Rem* in this matter. In support of this Motion, the Government submits as follows:

## BACKGROUND

On July 7, 2026, the Gastonia Police Department seized $536,907.58 in funds ("the Funds") from two Wells Fargo accounts held by or for the benefit of Norma Y Guzman-Salmeron. The seizure of the Funds followed the identification of numerous boosters and fences involved in a commercial construction material theft scheme operating in the Concord and Charlotte, North Carolina areas, and likely beyond.

Specifically, following numerous police reports in the Charlotte and Concord area of theft from construction sites and following a traffic stop of individuals stealing construction materials from a Concord-area construction site, law enforcement identified Guzman-Salmeron

and others as potential "fences"—that is, individuals purchasing stolen goods from "boosters" and then reselling those stolen goods.

After identifying the fences, law enforcement executed state search warrants at numerous residential and storage unit locations in the Charlotte area. These searches resulted in the seizure of evidence, including but not limited to numerous phones and items of paperwork, and multiple truckloads of construction material that various area contractors and construction personnel have since identified as stolen. Further, law enforcement obtained numerous items from Facebook related to the posting of stolen items for sale on Facebook Marketplace. Law enforcement also located bank records reflecting the use of Zelle by buyers purchasing construction materials from the fences.

Law enforcement has now arrested numerous individuals involved in the alleged offenses and charged some of these individuals, including Guzman-Salmeron, at the state level. Further, at least some of the alleged boosters and fences, including Guzman-Salmeron, face immigration-related consequences and may be deported.

Eventually, local law enforcement from Gastonia, Concord, and/or Charlotte also involved law enforcement from Homeland Security Investigations (HSI) in the investigation. Customs and Border Protection (CBP), which processes administrative forfeiture actions for HSI, initiated an administration forfeiture action against the Funds, for which state Guzman-Salmeron ultimately filed an August 2026 claim via her counsel, attorney John Dowling. In October 2026, after compiling information for undersigned to review, CBP forwarded the claim to undersigned, who began consulting with HSI about a potential federal civil judicial forfeiture, while also insuring that the filing of a federal civil forfeiture case does not interfere with pending state indictments and investigations.

In short, the federal civil forfeiture investigation itself is complex and the state criminal investigations to which this civil forfeiture matter relate are complex and wide-ranging, involving voluminous evidence and state and federal consequences, depending on the outcomes of the prosecutions. Further, the alleged criminal conduct is widespread, and the seized items and evidence to be processed and reviewed are voluminous. And, the decision of whether and how to craft a civil forfeiture complaint in this matter has implications for multiple other proceedings.

**MEMORANDUM OF LAW**

Under CAFRA, the Government's current deadline to file a civil forfeiture complaint is November 10, 2026. *See* 18 U.S.C. § 983(a)(3)(A). However, "a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties." *Id.* Here, the Government requests a thirty day extension of its CAFRA deadline, until and including December 10, 2026. This is the Government's first request for an extension herein. The Government first sought to satisfy the latter of the two disjunctive statutory extension requirements—an agreement of the parties to an extension. However, counsel for Claimant, after consulting with his client, respectfully opposed an extension. Therefore, the Government moves *ex parte* to request the Court grant the 30-day extension "for good cause shown." *See, e.g., United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1144 (9th Cir. 2008) ("Accordingly, we conclude from an examination of the statutory language and its structure that courts have the authority to grant *ex parte* applications for time extensions under CAFRA.").

As good cause, undersigned respectfully notes that arrests and seizures in this complex matter—possibly involving interstate transportation of stolen property, wire fraud, and money

laundering—only occurred a few months ago, in Summer 2026. Then, this matter was referred to the USAO-WDNC in October 2026. Since that time, undersigned has diligently worked with HSI to ensure investigation of all possible explanations for the Funds, review voluminous discovery, and ensure that all criteria for a broad federal case are met. Undersigned and HSI have also exercised particular caution in determining how to proceed, cognizant of the need to not interfere with state-indicted criminal cases. However, in light of the complexity of the civil forfeiture case, volume of discovery, numerous related cases and issues, and an emergency family matter[1] that necessitates that the undersigned leave the country during the week on which the complaint is due, undersigned needs more time to determine whether the investigation appropriately merits a federal civil judicial forfeiture complaint. *See, e.g., United States v. $10,160.00 in U.S. Currency*, 2012 WL 3608578, at **2-3 (D. Conn. Aug. 22, 2012) (good cause for two CAFRA filing extensions existed when Government diligently acted and AUSA required further information from DEA).

The Government seeks this extension in good faith prior to its CAFRA deadline. The Government contends that extension is appropriate as (1) a short, thirty-day delay will not prejudice Claimant, who remains in custody on an immigration detainer and whose funds might otherwise be subject to state process if not for this federal civil forfeiture action and (2) a delay will enable the Government to properly determine whether to present a complaint to this Court for full determination by this Court on the merits. In other contexts, courts have liberally granted extensions. *See, e.g., Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016) (indicating,

[1] Although undersigned does not contend herein that his personal travel plans *alone* justify an extension, undersigned does respectfully submit herein that, due to the death of a family member, he must, in the few days before the complaint in this matter is due, travel out of country, without access to his Government computer and devices, to escort an elderly relative to a funeral. This trip will thus further limit the ability of the Government to timely file a complaint in this matter.

in a Section 1983 lawsuit by a prisoner, that a rule to grant deadline extensions for good cause "should be liberally construed to advance the goal of trying each case on the merits"); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (noting in copyright case that "'[g]ood cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts."); *see generally Moore v. Dan Holdings, Inc.*, 2012 WL 5182922, at *3 (M.D.N.C. Oct. 18, 2012) (noting, in discovery context, that "the Court regularly receives extension requests of this sort and the undersigned cannot recall a single occasion in nearly three years of handling such matters in which an attorney has opposed a first 30–day extension of time to respond to written discovery requests. Other courts also view motions of this sort as routine matters unworthy of contest."). Under the circumstances here, Section 983(a)(3)(A) affords authority to this Court to grant an extension for the good cause shown.[2]

WHEREFORE, for the reasons set forth herein, the United States respectfully requests that this Court issue an Order for Extension in the form submitted herewith, granting a thirty (30) day extension to file any civil forfeiture complaint, until and including December 10, 2026.

Respectfully submitted this 29th day of October, 2026.

RUSS FERGUSON
UNITED STATES ATTORNEY

**s/ Benjamin Bain-Creed**
Florida Bar # 0021436
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
Fax: (704) 344-6629
Email: benjamin.bain-creed@usdoj.gov

[2] In addition to the bases noted herein, the Government also notes that, as a practical matter, if the Government filed a civil forfeiture complaint herein and discovery ensued, the pending state criminal indictments might nonetheless necessitate a state of this case pursuant to 18 U.S.C. § 981(g).

## CERTIFICATE OF SERVICE

Though this motion is made *ex parte*, as a courtesy, I certify that I served a copy of this Motion on counsel for Claimant (who will not receive ECF service) via email:

John Dowling
Chapman, Dowling & Mallek
john@whitecollarcriminaldefense.com

/s/ Benjamin Bain-Creed
Assistant United States Attorney